IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CT-3059-D

| | |
|---|---|
| TOMMY D. OWENS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| SHERIFF EARL R. BUTLER, et al., ) | |
| ) | |
| Defendants. ) | |

On March 6, 2015, five current or former pretrial detainees ("plaintiffs"), proceeding pro se, filed a complaint under 42 U.S.C. § 1983 [D.E. 1]. On March 10, 2015, Magistrate Judge Robert B. Jones, Jr. directed all plaintiffs to either pay the filing fee or submit applications to proceed in forma pauperis [D.E. 3]. Three of the five plaintiffs complied with Magistrate Judge Jones's order [D.E. 4–6]. On April 13, 2015, three additional pretrial detainees moved to join the action as plaintiffs [D.E. 12] and one of those pretrial detainees applied to proceed in forma pauperis [D.E. 13]. As explained below, the court grants the motion for joinder and dismisses the action as frivolous.

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must review and dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a),(b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Legally frivolous claims are based on an 'indisputably meritless legal theory' and include 'claims of infringement of a legal interest which clearly does not exist.'" Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994)

(quotation omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009). The court grants the motion for joinder [D.E. 12] and reviews all of plaintiffs' filings to determine whether plaintiffs have stated a claim.

"To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Additionally, a section 1983 plaintiff must allege the personal involvement of a defendant. See, e.g., Iqbal, 556 U.S. at 677; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–94 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

Plaintiffs contend that they have "set in Cumberland County [jail] over (12-24) months after requesting for prompt trial, without update from their attorneys, being denied probable cause hearing, probable cause waived without their consent, not receiving copies of their motion of discovery, and no bond modification." [D.E. 1] 4; see [D.E. 12] 4 (substantially similar allegations). Plaintiffs also

allege unspecified "racial profiling." [D.E. 12] 3, 5. Plaintiffs seek declaratory and injunctive relief and monetary damages. [D.E. 1] 4–5; [D.E. 12] 4–5. Plaintiffs name as defendants Cumberland County Sheriff Earl Butler, Fayetteville Mayor Nat Robinson, and Cumberland County District Attorney Billy West because they are "legally responsible for overall operation of city, county jail, and court docket 'case management system.'" [D.E. 1] 2–4; see [D.E. 12] 2–4.

Plaintiffs' allegations fail to state a claim. As for plaintiffs' challenges to any aspect of the pending criminal proceedings against them, they must plausibly allege that the underlying "conviction . . . has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . , or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 487 (1994). "A district court must undertake a case specific analysis to determine whether success on the claims would necessarily imply the invalidity of a conviction or sentence." Thigpen v. McDonnell, 273 F. App'x 271, 272 (4th Cir. 2008) (per curiam) (unpublished).

Plaintiffs have failed to make the allegations that Heck requires. Plaintiffs must challenge the legitimacy of the charges against them as part of the state criminal actions. See, e.g., Ballenger v. Owens, 352 F.3d 842, 845–47 (4th Cir. 2003); Antonelli v. Foster, 104 F.3d 899, 900–01 (7th Cir. 1997); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) (per curiam). Moreover, the Constitution does not provide an absolute right to be released on bond. See, e.g., United States v. Salerno, 481 U.S. 739, 746–55 (1987). Thus, the claim is dismissed as frivolous.

To the extent plaintiffs allege that defendants' actions were motivated by discriminatory animus, the equal protection clause provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from

3

others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). Plaintiffs have not plausibly alleged that they were treated differently from any person with whom they are similarly situated. Although pro se litigants are held to less stringent pleading standards than attorneys, the court is not required to accept as true legal conclusions or unwarranted factual inferences. See, e.g., Iqbal, 556 U.S. at 677–80; Twombly, 550 U.S. at 555; Coleman, 626 F.3d at 190. Plaintiffs have not plausibly alleged their equal protection claim. See, e.g., Coleman, 626 F.3d at 190–91. Thus, plaintiffs have failed to state a claim upon which relief may be granted, and this claim is dismissed without prejudice.

Plaintiffs have also named defendants who are immune from or otherwise not amenable to suit. Prosecutors such as defendant West are absolutely immune from suit for acts carried out in the judicial phase of their prosecutorial functions, including initiating a judicial proceeding or appearing in court. See, e.g., Van de Kamp v. Goldstein, 555 U.S. 335, 342–43 (2009); Buckley v. Fitzsimmons, 509 U.S. 259, 269–70 (1993); Imbler v. Pachtman, 424 U.S. 409, 430 (1976). Likewise, to the extent that plaintiffs seek to proceed against Fayetteville Mayor Nat Robinson, plaintiffs fail to identify any individual act or omission that Robinson committed against them that rises to the level of a constitutional violation. Rather, plaintiffs assert claims against Robinson in his supervisory capacity. The doctrine of respondeat superior, however, does not generally apply to a section 1983 action. See, e.g., Iqbal, 556 U.S. at 677; Monell, 436 U.S. at 694; Carter v. Morris, 164 F.3d 215, 220–21 (4th Cir. 1999); Shaw v. Stroud, 13 F.3d 791, 798–99 (4th Cir. 1994). Moreover, as a municipal mayor, Robinson plays no role in the prosecution of criminal cases. See N.C. Gen. Stat. § 7A-61; see, e.g., State v. Camacho, 329 N.C. 589, 593, 406 S.E.2d 868, 870–71 (1991). Thus, the court dismisses as frivolous plaintiffs' claims against these defendants.

4

In sum, the court GRANTS the motion for joinder [D.E. 12], and DISMISSES this action as frivolous under 28 U.S.C. § 1915A. The clerk shall close the case and mail a copy of this order to each plaintiff.

SO ORDERED. This 31 day of August 2015.

*[signature]*
JAMES C. DEVER III
Chief United States District Judge

5

Case 5:15-ct-03059-D   Document 14   Filed 08/31/15   Page 5 of 5